IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTHUR DOYLE RUTLEDGE,<br>TDCJ #480310, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3160 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Arthur Doyle Rutledge, is an inmate incarcerated in the Texas

Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").

Rutledge has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to

challenge the administration of his sentence.  Rutledge has also filed a memorandum in

support of his petition.  The respondent has answered with a motion to dismiss, arguing that

Rutledge's petition is barred by the governing statute of limitations.  (Doc. # 13).  Rutledge

has filed a reply and he has also filed a motion for summary judgment on the merits of two

of his claims.  (Docs. # 16, # 17).  After considering all of the pleadings, the records, and the

applicable law, the Court grants the respondent's motion and dismisses this case for reasons

that follow.

## I.   __BACKGROUND__

A state grand jury returned an indictment against Rutledge in 1988, in cause number 88-025-CR, charging him with murder.  On April 29, 1988, Rutledge entered a guilty plea in the 87th Judicial District Court of Freestone County, Texas.  The trial court found Rutledge guilty as charged of murder and sentenced him pursuant to the terms of a plea agreement with the State to serve sixty years in prison.  Rutledge, who did not file a direct appeal,[1] remains in custody at the Wynne Unit in Huntsville, Texas.

Rutledge does not challenge his underlying conviction or dispute his decision to plead guilty.  In a petition dated August 30, 2007, Rutledge seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge the administration of his sentence with respect to his entitlement to early release on parole.[2]  Rutledge insists that he should have been released on parole in 2003, after serving only fifteen years of the sixty-year sentence that was imposed in 1988.  Liberally construed, Rutledge seeks relief from his continued incarceration on the

---

[1]   The record reflects that Rutledge filed two unsuccessful state applications for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, which attempted to challenge his conviction.  *See Ex parte Rutledge*, Writ No. 19,711-01 (Tex. Crim. App. Feb. 8, 1989); *Ex parte Rutledge*, Writ No. 19,711-02 (Tex. Crim. App. Feb. 27, 1991).

[2]   The Clerk's Office for the United States District Court for the Western District of Texas, Waco Division, received the petition on September 4, 2007, and transferred it to Houston shortly thereafter on September 27, 2007.  The petition is dated August 30, 2007, indicating that Rutledge placed his pleadings in the mail that same day.  For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Therefore, the petition is considered filed as of August 30, 2007.

following grounds: (1) his defense attorney predicted that Rutledge would be released on parole in less than fifteen years if he accepted the State's plea agreement for a sixty-year sentence; (2) the State has retroactively applied a change in parole review procedures, thereby illegally extending his sentence past fifteen years of imprisonment, which allegedly constitutes a breach of Rutledge's understanding of the plea agreement; and (3) Rutledge claims that he has been denied parole improperly based on a "finding" in the judgment that a deadly weapon was used to commit the offense.[3]

Rutledge raised similar claims in a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure that was filed on May 15, 2007. The state habeas corpus court forwarded the petition to the Texas Court of Criminal Appeals along with a copy of the judgment, which clearly states that the terms of the plea agreement called for Rutledge to serve sixty years in prison for his offense. *See Judgment*, No. 88-025-CR, "Terms of Plea Bargain (In Detail) . . . 60 years confinement [TDCJ]"). That judgment also plainly contains no affirmative finding that a deadly weapon was used to commit the offense. *See Judgment*, No. 88-025-CR, "Findings on Use of Deadly Weapon . . . None."). Based on this record, the Texas Court of Criminal Appeals denied relief, without a written order, on July 11, 2007. *See Ex parte Rutledge*, Writ No. 19,711-03.

---

[3]     Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

The respondent has filed a motion to dismiss the petition, arguing that Rutledge's claims are untimely and therefore barred by the one-year statute of limitations that governs federal habeas corpus review.  In his reply, Rutledge abandons his first claim, concerning his allegation that defense counsel erred by advising that he would be released on parole after serving less than fifteen years.  (Doc. # 16).  Rutledge has filed a separate motion for summary judgment on the merits of his second claim and third claims, arguing that he is entitled to federal habeas corpus relief from his sentence based on an improper retroactive application of parole procedures and based on the parole board's improper consideration of a deadly weapon finding in the judgment.  (Doc. # 17).  The parties' contentions are discussed below, beginning with the application of the one-year statute of limitations on federal habeas corpus review.

## II.   DISCUSSION

### A.      The One-Year Statute of Limitations

The respondent maintains that all of the petitioner's claims are barred by the governing one-year statute of limitations.  According to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1).  Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

At issue here is Rutledge's claim that the State of Texas breached its plea agreement with him by denying him parole, thereby extending the length of his incarceration.  Rutledge, who believes that he was entitled to early release on parole after serving no more than fifteen years of his sentence, claims that the State has breached the plea agreement that he made in 1988, by denying him parole pursuant to a retroactive change in Texas parole procedure and by denying him parole because of an affirmative finding that a deadly weapon was used to commit the offense.  The statute of limitations for federal habeas corpus review of these issues began to run pursuant to 28 U.S.C. § 2244(d)(1)(D) at "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Angel v. Quarterman*, 250 Fed. App'x 44, 2007 WL 2908871, *1 (5th Cir. 2007) (noting that 28 U.S.C. § 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions) (citing *Goodwin v. Dretke*, 118 Fed. App'x 817, 818 (5th Cir. 2004)).

The record reflects that Rutledge, who was convicted of murder and sentenced to serve sixty years in prison in 1988, became eligible for parole ten years later in 1998. (Respondent's Motion for Summary Judgment, Exhibit A, Board of Pardons and Paroles Division, Minutes for Arthur Doyle Rutledge).  Since becoming eligible for parole, Rutledge has been denied early release by the Texas Board of Pardons and Paroles on five occasions: June 4, 1998, August 28, 2000, July 2, 2002, July 29, 2004, and September 7, 2006.  (*Id.*). Rutledge's contentions concerning his entitlement to early release are examined below to determine when he knew or should have known of the factual predicate for his claims.

### 1.      Change in Parole Procedure

According to the supplemental memorandum provided in support of Rutledge's petition, the Texas parole board changed the way in which it reviewed parole candidates in 1993, 1994, and 2001.  (Supplemental Memorandum, Doc. # 2, at 12-26).  Rutledge does not identify any particular change in Texas statute.  Instead, Rutledge complains that parole officials now apply certain procedures to determine parole suitability by using "Security Response Technology," which evaluates parole candidates on a "matrix sentencing grid," instead of using the "Pablo Scoring Instrument" that was in place at the time of the offense and sentencing in his case.[4]  Rutledge believes that the change in parole suitability procedure has increased the length of his incarceration.  Rutledge insists, therefore, that the Texas parole board has violated his right to Due Process and the Ex Post Facto Clause found in the United States Constitution.

Because Rutledge complains about changes in parole procedure that took effect no later than 2001, he knew or should have known of the factual predicate for his claims when he was denied parole on July 2, 2002.  That date triggered the statute of limitations, which expired one year later on July 2, 2003.  Rutledge's federal habeas corpus petition, which is

---

[4]      Rutledge explains that the Pablo Scoring Instrument was so named by the Texas Board of Pardons and Paroles in recognition of Dr. Pablo Martinez, who developed the instrument. (Petitioner's Motion for Summary Judgment, Doc. # 17, Exhibit B).

dated August 30, 2007, is late by more than four years and is therefore barred by the statute of limitations.[5]

### 2.        Deadly Weapon Finding

Rutledge complains that a "deadly weapon finding" has been used to deny him early release on parole.  He claims further that, as a condition of the plea agreement, the State promised to include no such finding in the judgment.  By denying him early release on parole based on this purported finding that a deadly weapon was used to commit the offense, Rutledge insists that the State breached the plea agreement.

Because the judgment does not contain an affirmative finding that a deadly weapon was used, Rutledge appears to claim that the parole board denied him early release from prison because of conduct that is documented in the record.[6]  The respondent notes that

---

[5]    Even if not time-barred, this claim is without merit.  There is no protected liberty interest in parole in Texas.  *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).  Thus, Rutledge fails to articulate a due process violation.  Likewise, rules affecting eligibility for parole may violate the Ex Post Facto Clause, but discretionary rules affecting parole suitability do not.  *See Wallace v. Quarterman*, — F.3d —, 2008 WL 274388, *3 (5th Cir. 2008) (citing *Portley v. Grossman*, 444 U.S. 1311, 1312 (1980)). Rutledge does not dispute that he became eligible for parole in 1998, ten years after he was sentenced.  Because the procedures challenged by Rutledge deal with parole suitability, and not eligibility, he fails to state an ex post facto violation.

[6]    As noted above, a review of the record confirms that the judgment does not contain an affirmative finding that a deadly weapon was used to commit the offense.  *See Judgment*, No. 88-025-CR, "Findings on Use of Deadly Weapon . . . None.").  Accordingly, Rutledge fails to show that the State breached its plea agreement by including a deadly-weapon finding in the judgment.  While no affirmative finding was made in the judgment, the facts alleged in the indictment readily disclose that Rutledge used a deadly weapon to commit the offense of murder, which is a first degree felony in Texas.  *See* TEX. PENAL CODE § 19.02. In any event, Rutledge fails to establish that the State breached is alleged plea agreement by insisting on an affirmative finding in the judgment that a deadly weapon was used to commit
(continued...)

Rutledge was aware that the nature of his offense could be used to deny his early release on parole in 1988.  In his first state habeas corpus application, Rutledge attempted to challenge his guilty plea based on the probability that his early release on parole would be delayed based on the nature of his offense.  *See Ex parte Rutledge*, No. 19,711-01, Petition for Writ of Habeas Corpus dated November 9, 1988.  Rutledge's pleadings reflect that he knew there was no affirmative finding of a deadly weapon in the judgment at that time, but that his release on parole could be delayed nevertheless. *Id.* ("Even though there was a non-affirmative finding of a deadly weapon . . [t]hey still use this for a reason to set off parole.").

 Because Rutledge knew as early as 1988 that his release on parole could be delayed based on the nature of his offense, he could have raised this claim following the first denial of parole on June 4, 1998.  That date triggered the statute of limitations, which expired one year later on June 4, 1999.  Rutledge's federal habeas corpus petition, which is dated August 30, 2007, is late by more than eight years and is therefore barred by the statute of limitations.

In summary, based on this review, the prescriptive period for Rutledge's claims expired on July 2, 2003, and June 4, 1999, respectively.  Therefore, his claims are barred from review unless Rutledge can satisfy a statutory or equitable exception to the statute of limitations.  The Court will consider these exceptions separately below.

### B.     Statutory Tolling

---

[6](...continued)
        the offense.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). As noted previously, Rutledge filed a state habeas corpus application to challenge his sentence on May 15, 2007, which the Texas Court of Criminal Appeals denied on July 11, 2007. *See Ex parte Rutledge*, Writ No. 19,711-03. Because this state habeas proceeding was filed after the limitations period had already expired, it does not have any tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Rutledge presents no other basis for statutory tolling and the record does not disclose any. In that regard, Rutledge has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

## C.    Equitable Tolling

Equitable tolling is an extraordinary remedy that, if available, is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Rutledge, who has filed a response to the motion for summary judgment, does not ask for equitable tolling. Nevertheless, the Fifth Circuit has held that the statute of limitations found in the

AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

The Supreme Court has recently stated that district courts have no authority to create "equitable exceptions" to statutory time limitations. *See Bowles v. Russell*, — U.S. —, 127 S. Ct. 2360, 2366 (2007).  Assuming that the AEDPA allows it, the Supreme Court has observed, nevertheless, that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, — U.S. —, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The habeas petitioner bears the burden of establishing that equitable tolling is warranted.  *See Howland v. Quarterman*, 507 F.3d 840, —, 2007 WL3276009, *5 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)).  Rutledge does not meet that burden here.

As outlined above, Rutledge knew or should have known of the factual basis for his claim concerning changes in Texas parole review procedures no later than his parole denial on July 2, 2002.  Likewise, Rutledge knew or should have known the factual basis for his

claim concerning the deadly weapon issue no later than his parole denial on June 4, 1998. Rutledge waited until May of 2007, to file a state habeas corpus application to challenge the administration of his sentence with respect to these parole issues.  When that application was denied by the Texas Court of Criminal Appeals on July 11, 2007, *see Ex parte Rutledge*, Writ No. 19,711-03, Rutledge waited more than a month, until August 30, 2007, to execute and file the pending federal habeas corpus application.  He offers no valid explanation for his delay.

Although Rutledge proceeds *pro se* on federal habeas review, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[7]  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th

---

[7]     It appears, nevertheless, that Rutledge's claims were raised and rejected by the Texas Court of Criminal Appeals.  *See Ex parte Rutledge*, No. 19,711-03. As noted above, it appears that Rutledge's claims are without merit.  Moreover, neither the petition, the memorandum, nor the summary judgment motion filed by Rutledge show that the state court's decision to deny relief was contrary to, or resulted in an unreasonable application of, clearly established Supreme Court precedent.  Therefore, Rutledge fails to demonstrate that he is entitled to
(continued...)

Cir.), *cert. denied*, 531 U.S. 1035 (2000).  However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions."  *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).  Given the petitioner's apparent lack of diligence in this case, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder*, 204 F.3d at 173.  Accordingly, equitable tolling will not save his late-filed claims. The Court therefore concludes that the pending federal habeas corpus petition is barred by the applicable one-year limitations period.

## III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be

---

[7](...continued)
relief under the governing federal habeas corpus standard of review on any of his claims. 28 U.S.C. § 2254(d).  Because the petition is clearly time-barred, the Court declines to address the merits further.

taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner stated a valid claim.  Accordingly, he is not entitled to a certificate of appealability under the governing standard found in § 2253.

## V.    CONCLUSION AND ORDER

Based on the foregoing, the court **ORDERS** as follows:

1.    The respondent's motion to dismiss (Doc. # 13) is **GRANTED**.

2.    The petition for a writ of habeas corpus (Doc. # 1) is **DISMISSED** with prejudice as barred by the statute of limitations.

3.     The petitioner's motion for summary judgment (Doc. # 17) is **DENIED**.

4.    A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  February 26th , 2008.

Nancy F. Atlas
United States District Judge